IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL JOHN SOLOMON, IV : | |
| : | Civil No. 1:14-CV-1505 |
| Plaintiff : | |
| : | (Judge Jones) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| SCT DALLAS DEP'T., et al., : | |
| : | |
| Defendants : | |

**REPORT AND RECOMMENDATION**

**I.     Statement of Facts and of the Case**

This case is a *pro se* lawsuit brought by Paul Solomon, a former state inmate. (Doc. 1.)  In his spare 2-page complaint, which was accompanied by medical reports from a private physician, Solomon named a state agency, the SCI Dallas Medical Department, along with seven named, and other unnamed individuals, as defendants. Solomon then alleged that these defendants violated his civil rights under the Pennsylvania and United States Constitutions through their care for his medical conditions while in prison.  Notably, though, this succinct complaint provided little information regarding when these events were alleged to have occurred, beyond indicating that Solomon filed a grievance in prison about these matters in September 2010, and was released from custody and was seen by a private physician on August 1, 2012. (Id.) Furthermore, the complaint named various institutional and individual

defendants, but made no factual allegations regarding the alleged conduct of these defendants. (Id.)

Along with his complaint, Solomon filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) We granted the motion for leave to proceed *in forma pauperis*, but recommended that this complaint be dismissed without prejudice to the filing of an amended complaint. (Doc. 5.) On August 28, 2014, the District Court adopted this recommendation and dismissed the complaint without prejudice to Solomon filing an amended complaint within 20 days. (Doc. 6.) Those 20 days have now elapsed without action by the plaintiff to correct the defects noted in his original complaint. On these facts, it is now recommended that the complaint be dismissed with prejudice.

## II. Discussion

### A. This Complaint Should Now Be Dismissed With Prejudice

While our initial screening analysis called for dismissal of this action, the Court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir.

2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, the plaintiff was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the Court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). See Rhodes v.

Wetzel, 1:12-CV-1956, 2013 WL 5177138 (M.D. Pa. Sept. 13, 2013)(Jones, J.) Therefore, it is recommended that the complaint be dismissed with prejudice as frivolous for failure to state a claim without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of October, 2014

.

                                              **_S/Martin C. Carlson_**
                                              Martin C. Carlson
                                              United States Magistrate Judge